UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
   JODI MORALES,
                 Plaintiff,

v.

   LOUIS DEJOY, Postmaster General,[1]
                 Defendant.
--------------------------------------------------------------x

**ORDER REGARDING**
**SEALED DOCUMENTS**

18 CV 8834 (VB)

      The Court having issued an Order dated August 30, 2021, which provides for the filing of documents under seal, it is further ORDERED:

1. The parties shall consult and comply with the instructions for filing documents under seal, as set forth in: (i) Section 6 of the Court's Electronic Case Filing Rules & Instructions; (ii) the Court's "Sealed Records Filing Instructions," available at https://nysd.uscourts.gov/programs/records; and (iii) Judge Briccetti's Individual Practices, a copy of which are appended to this Order.

2. A full and unredacted courtesy copy of any submission of documents electronically filed under seal shall be provided to Chambers as soon as practicable, marked "Chambers Copy" and "Contains Confidential Information Filed Under Seal."

Dated: August 30, 2021
       White Plains, NY

                              SO ORDERED:

                              _____
                              Vincent L. Briccetti
                              United States District Judge

---

[1] The Clerk of Court is directed to update the caption as set forth herein, substituting Louis DeJoy, Postmaster General, for Megan J. Brennan pursuant to Fed. R. Civ. P. 25(d).

*Revised April 29, 2019*

# **INDIVIDUAL PRACTICES OF JUDGE VINCENT L. BRICCETTI**

| | |
|---|---|
| <u>Chambers</u> | <u>Courtroom</u> |
| United States Courthouse | Courtroom 620 |
| 300 Quarropas Street, Room 630 | Donna Hilbert, Courtroom Deputy Clerk |
| White Plains, NY 10601 | Donna_Hilbert@nysd.uscourts.gov |
| (914) 390-4166 | (914) 390-4167 |
| fax (914) 390-4170 | |

Unless otherwise ordered, matters before Judge Briccetti shall be conducted in accordance with the following procedures:

**1.   Communications with Chambers**

   **A.**   **Letters.** Except as otherwise provided below, communications with the Court shall be by letter. Unless there is a request to file a letter under seal or a letter contains sensitive or confidential information, **letters should be filed electronically on ECF.** (See SDNY Electronic Case Filing Rules & Instructions, Section 13.1.)

   i.   Absent prior permission, letters (<u>including</u> any attached exhibits) may not exceed 5 pages in length, whether filed electronically or not.

   ii.   Letters between or among parties or their counsel or otherwise not addressed to the Court may not be filed on ECF or sent to the Court (except as exhibits to an otherwise properly filed document).

   iii.   Letters to be filed under seal or containing sensitive or confidential information should be delivered to the Court by fax, hand, regular mail, or overnight courier, with a copy simultaneously delivered to all counsel and unrepresented parties. If a document is faxed to Chambers, do not also send a hard copy. If a party wishes to email a PDF document to the Court, it must obtain prior permission to do so. The email should indicate who in Chambers provided such permission, and must be copied to all counsel and unrepresented parties.

   **B.**   **Letter-Motions.** Letters requesting relief, such as, for example, requests for adjournments, extensions of time, and conferences (including pre-motion conferences with respect to discovery disputes and motions for summary judgment), are considered letter-motions. A letter-

1

motion must be filed via ECF, <u>and identified as a "LETTER-MOTION" using the ECF Filing Event "MOTION,"</u> in compliance with the SDNY Local Rules and the SDNY Electronic Case Filing Rules & Instructions.

C. **Other Letters Filed on ECF.** Letters that are informational in nature, such as, for example, status reports regarding mediation or settlement, and that do not request relief should be filed using the ECF Filing Event LETTER listed under OTHER DOCUMENTS.

D. **Courtesy Copies of Letters and Letter-Motions.** Please do NOT provide courtesy copies of letters and letter-motions filed on ECF.

E. **Telephone Calls.** Except as provided below, telephone calls to Chambers are permitted only in situations requiring immediate attention. In such situations, call Chambers at (914) 390-4166.

F. **Docketing, Scheduling, and Calendar Matters.** Please call Donna Hilbert, Courtroom Deputy Clerk, at (914) 390-4167, during regular business hours.

G. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time **must be made in writing and filed on ECF as letter-motions**. (If a request contains sensitive or confidential information, it may be submitted by fax, hand, regular mail, or overnight courier in lieu of being filed electronically.) The letter-motion must state:

   i. the original due date(s), the date(s) sought to be extended, and the new date(s) the party now seeks through an adjournment or extension;

   ii. the number of previous requests for adjournments or extensions, and the reason(s) therefor;

   iii. whether these previous requests were granted or denied;

   iv. the reason(s) for the instant request; and

   v. whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.

   If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Civil Case Discovery Plan and Scheduling Order must be attached.

Absent extraordinary circumstances, requests for extensions will be denied if not made before the expiration of the original deadline. If the request is for an adjournment of a court appearance, absent an emergency, the request shall be made at least 2 business days prior to the scheduled appearance.

Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge.

    H.    **Non-Electronic Documents.** Certain documents may not be electronically filed. See SDNY Electronic Case Filing Rules & Instructions, Section 18.

2. **Pleadings and Motions**

    A.    **Courtesy Copies.** One courtesy hard copy of all pleadings (complaint, answer, reply) and motion papers (with the exception of letter-motions and motions for admission *pro hac vice*), shall be submitted to Chambers as soon as practicable after filing. Courtesy copies should be clearly marked as such. If hand-delivered, courtesy copies should be delivered to the Clerk's office on the first floor of the Courthouse, not to Chambers.

        i.    Motions. All courtesy hard copies of papers submitted in connection with motions must be bound in any manner that is secure, does not obscure the text, and permits the document to lie reasonably flat when open. Courtesy copies should either be spiral-bound or be stapled using a single staple in the upper left-hand corner of the document. Courtesy copies should NOT be velobound. Also, rather than submitting large documents that do not lie reasonably flat when open, parties should submit multiple volumes.

    B.    **Pre-Motion Conferences in Civil Cases.**

        i.    Discovery motions. For discovery motions, follow Local Civil Rule 37.2, which requires the moving party to request an informal conference with the Court before the filing of any such motion. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required. The parties should be prepared to describe the time, place, and duration of the meeting, and to identify the counsel involved.

    ii.    <u>Summary Judgment motions</u>. A pre-motion conference is required before making a motion for summary judgment. To request a pre-motion conference, the moving party shall file, on ECF, a letter-motion for a conference, not to exceed 3 pages, setting forth the basis for the anticipated motion. Unless otherwise ordered by the Court, within 7 business days, the opposing party shall file a letter response on ECF, also not to exceed 3 pages, setting forth its position.

    iii.    <u>Other substantive motions</u>. A pre-motion conference is not required for other substantive motions.

**C.**    **Memoranda of Law.** The Court encourages and appreciates brevity. Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the page limit. All memoranda of law shall be in 12-point font or larger and be double-spaced, and shall have one inch margins on all sides. Unless prior permission has been granted, sur-reply memoranda will not be accepted.

**D.**    **Special Rules for Motions to Dismiss.**

    i.    Upon the filing of a motion to dismiss, the Court will ordinarily issue an order requiring the non-moving party, within 10 days, to notify the Court whether it intends to file an amended pleading, or will rely on the pleading being attacked. If the non-moving party elects not to file an amended pleading, the motion will proceed in the regular course, and the Court is unlikely to grant the non-moving party a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in the moving party's motion. See <u>Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC</u>, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility").

    ii.    If the non-moving party amends its pleading, within 21 days of such amendment, the moving party may file an answer, file a new motion to dismiss, or notify the Court that it will rely on the initially-filed motion to dismiss. If the moving party files a new motion to dismiss, the Court will terminate the prior motion to dismiss as moot.

4

- E. **Special Rules for Summary Judgment Motions.**

    i.  Except in *pro se* cases, the moving party shall provide all other parties with an electronic copy of the moving party's Statement of Material Facts pursuant to Local Civil Rule 56.1. Opposing parties must reproduce each entry in the moving party's Rule 56.1 Statement, and set out the opposing party's response directly beneath it.

    ii. The moving party's Statement of Material Facts pursuant to Local Civil Rule 56.1 may not exceed 25 double-spaced pages without prior permission of the Court.

    iii. Each citation to evidence required by Local Civil Rule 56.1(d) must identify, when applicable, specific portions of the record, including page, line, and paragraph numbers.

    iv. The parties' memoranda of law shall include citations to the underlying exhibits supporting their propositions.

    v.  With respect to any deposition transcript that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

    vi. Except in *pro se* cases, the parties should provide the Court with an electronic, text-searchable courtesy copy of any hearing or deposition transcript, or portion thereof, on which the parties rely, if such a copy is available, unless doing so would be unduly burdensome. Parties should provide these materials on a CD or DVD (not on a memory stick and not by email).

- F. **Oral Argument on Motions.** The Court does not ordinarily hear oral argument on motions; however, the parties may request oral argument by letter at the time their moving, opposing, or reply papers are filed. The Court will determine whether oral argument will be heard and, if so, will advise counsel of the date and time.

3. **Pretrial Procedures**

    A. **Joint Pretrial Orders in Civil Cases.** Unless otherwise ordered by the Court, within 30 days after the deadline for completion of discovery in a civil case, or, if a dispositive motion has been filed, within 30 days after a decision on the motion, the parties shall submit to the Court for its

approval a Joint Pretrial Order, with one courtesy hard copy for Chambers.

The Joint Pretrial Order shall include the information required by Fed. R. Civ. P. 26(a)(3) and the following:

i. The full caption of the action.

ii. The names, addresses (including firm names), email addresses, and telephone and fax numbers of trial counsel.

iii. A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.

iv. A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. The parties shall also identify all claims and defenses previously asserted that are not to be tried.

v. A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

vi. A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).

vii. Any stipulations or agreed statements of fact or law.

viii. A list of the witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, and a statement as to whether any other party objects to the witness.

ix. A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.

x. A list by each party of exhibits to be offered in its case in chief, with an asterisk indicating exhibits to which there is an objection. The

6

        failure to include an asterisk may be deemed a waiver of any objection.

    xi.    A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each claim, and including the manner and method used to calculate the claimed damages.

    xii.    A statement as to whether the parties consent to a less than unanimous verdict.

**B.**     **Filings Prior to Trial in Civil Cases.** Unless otherwise ordered by the Court, each party shall file the following documents (and submit one courtesy hard copy to Chambers) 21 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the Joint Pretrial Order if no date has been fixed:

    i.    In jury cases, proposed *voir dire* questions, <u>joint</u> requests to charge, and a joint verdict form. The parties' proposed jury instructions shall consist of a single document, noting any areas of disagreement between the parties. The proposed instructions shall include both the text of any requested instruction as well as a citation to the authority from which it derives. Each proposed jury instruction must contain a citation to the source/authority for the proposed instruction, or the request will be disregarded. In addition to being filed in the normal manner, *voir dire* questions, <u>joint</u> requests to charge, and a joint verdict form should be emailed to Judge Briccetti's law clerk. Counsel should call Chambers at (914) 390-4166 to make arrangements for same.

    ii.    In non-jury cases, proposed findings of fact and conclusions of law. Proposed findings of fact should be detailed and cite whenever possible to evidence expected to be presented at trial. Proposed conclusions of law should include a statement of the elements of each claim or defense.

    iii.    In all cases, motions addressing any evidentiary or other issues that should be resolved *in limine*.

    iv.    In any case in which any party believes it would be useful, a pretrial memorandum.

**C.**     **Filings in Opposition.** Unless otherwise ordered by the Court, any party may file (and submit one courtesy hard copy to Chambers) the following

documents within one week of the filing of any document described in section 3.B above:

   i. Objections to the other party's proposed *voir dire* questions or requests to charge.

   ii. Opposition to any motion *in limine.*

   iii. Opposition to any legal argument made in a pretrial memorandum.

D. **Additional Submissions in Non-Jury Cases.** Unless otherwise ordered by the Court, each party shall submit to the Court (including two courtesy copies to Chambers) and serve, *but not file*, the following materials 21 days before the date of commencement of trial if such a date has been fixed, or 30 days after the filing of the Joint Pretrial Order if no date has been fixed:

   i. Copies of affidavits constituting the direct testimony of each trial witness, except for the testimony of an adverse party, a person whose attendance is compelled by subpoena, or a person for whom the Court has agreed to hear direct testimony during the trial. Three business days after submission of such affidavits, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at trial. Only those witnesses who will be cross-examined need to appear at trial. The original signed affidavits shall be marked as exhibits at trial. NOTE: Notwithstanding the foregoing, the Court prefers live direct testimony in non-jury cases.

   ii. All deposition excerpts which will be offered as substantive evidence, as well as a 1-page synopsis (with page references) of those excerpts for each deposition.

   iii. All documentary exhibits.

4. **Post-Trial Procedures**

Counsel are responsible for raising promptly any issue concerning the accuracy of transcripts certified by the Court Reporter to be used for purposes of appeal. Counsel perceiving an error that is material shall stipulate to the appropriate correction or, if agreement cannot be reached, shall proceed by motion on notice. Non-material defects in syntax, grammar, spelling or punctuation should be ignored.

5. **Default Judgments**

   A party that wishes to obtain a default judgment must proceed by way of order to show cause. Follow the Default Judgment Procedure, attached hereto as Attachment A.

6. **Bankruptcy Appeals**

   Briefs must be submitted in accordance with Federal Rules of Bankruptcy Procedure 8014 to 8018. Counsel may extend these dates by stipulation submitted to the Court no later than two business days before the brief is due. The page limits in Local Civil Rule 7.1(c) must be observed.

7. **Criminal Cases**

   A. **Initial Matters.** Upon assignment of a criminal case to Judge Briccetti, the parties shall immediately arrange with the Courtroom Deputy for a prompt initial conference, at which the defendant will be present. The Assistant United States Attorney ("AUSA") shall provide to Chambers, as soon as practicable, a courtesy copy of the Indictment or Information, and a courtesy copy of the complaint, if one exists.

   B. **Guilty Pleas.** Guilty pleas will ordinarily be taken by Judge Briccetti and will not be assigned to Magistrate Judges by standing order. Permission for a guilty plea to be taken before a Magistrate Judge may be given under special circumstances. The AUSA shall provide a courtesy copy of any plea agreement or related documents to Chambers as soon as practicable.

   C. **Sentencing.** Follow the Sentencing Procedures attached hereto as Attachment B.

# **ATTACHMENT A**

### **DEFAULT JUDGMENT PROCEDURE**

1. After obtaining a Clerk's Certificate of Default (see SDNY Electronic Case Filing Rules & Instructions, Section 16.1), prepare a proposed Order to Show Cause Without Emergency Relief and make the Order returnable before Judge Briccetti in Courtroom 620 of the United States Courthouse, 300 Quarropas Street, White Plains, NY. Leave blanks for the Court to fill in (i) the date and time of the hearing, (ii) the date by which opposing papers must be served and filed, and (iii) the date by which the moving party must serve the Order and supporting documents on the non-moving party.

2. Electronically file the proposed Order to Show Cause Without Emergency Relief using the ECF Filing Event found under PROPOSED ORDERS.

3. Electronically file the following documents as separate ECF Filing Events:

    a. an attorney's affidavit setting forth:

        i. why a default judgment is appropriate, including a description of the method and date of service of the original summons and complaint;

        ii. whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of liability and/or damages prior to the resolution of the entire action (see Fed. R. Civ. P. Rule 54(b)); and

        iii. when applicable, legal authority for why an inquest is unnecessary.

    b. a proposed Statement of Damages and the basis for each element of damages, including interest, attorney's fees, and costs (unless requesting an inquest); and

    c. a proposed default judgment, using the ECF Filing Event found under PROPOSED ORDERS.

4. As attachments to the attorney's affidavit, include copies of all pleadings and a copy of the affidavit of service of the original summons and complaint.

5. After Judge Briccetti signs and dockets the Order to Show Cause, serve a copy of the Order and attachments on defendant(s) as directed. At least three business days before the return date, electronically file proof of service of the signed Order to Show Cause.

## **ATTACHMENT B**

### SENTENCING PROCEDURES

**ECF Filing.** Except for submissions to be filed under seal or in redacted form, **every document in a sentencing submission, including letters, must be filed on ECF.**

A defendant's sentencing submission shall be filed at least 10 days in advance of the date set for sentence. The government's sentencing submission shall be filed at least 3 business days in advance of the date set for sentence. The parties should provide the Court with a courtesy copy of each submission when it is filed.

Letters should be grouped and filed together as attachments to a single document marked SENTENCING MEMORANDUM with the caption and docket number clearly indicated. The defendant is responsible for filing all letters submitted on behalf of the defendant, including those from friends and relatives. The government is responsible for filing all letters from victims.

In this regard, the parties are referred to E-Government Act of 2002 and the SDNY Electronic Case Filing Rules & Instructions, Section 21, Privacy and Public Access to ECF cases, ("Privacy Policy") and reminded not, unless necessary, to include the 5 categories of "sensitive information" in their submissions (*i.e.*, social security numbers; names of minor children [use the initials only]; dates of birth [use the year only]; financial account numbers; and home addresses [use only the city and state]).

Parties may redact the 5 categories of "sensitive information" and the 6 categories of information requiring caution (*i.e.*, personal identifying numbers; medical records, treatment and diagnosis; employment history; individual financial information; proprietary or trade secret information; and information regarding an individual's cooperation with the government) as described in the Privacy Policy, without application to the Court. If any material is redacted from the publicly filed document, only those pages containing the redacted material will be filed under seal. Bring a copy of those pages to the sentencing proceeding, marked to indicate what information has been redacted from the publicly filed materials, to give to the Court for filing under seal.

If a party redacts information beyond the 11 categories of information identified in the Privacy Policy, an application to do so must be served and filed at the time the sentencing submission is served. The application should clearly identify the redaction and explain the reasons for the redaction. The application will be addressed at the sentencing proceeding.